[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

---

No. 00-2027

FERNANDO MARCELLA,

Plaintiff, Appellant,

v.

KEVIN MURPHY, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

---

Before

Selya, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

---

Fernando Marcella on brief pro se.
Marc DeSisto on brief for appellees.

---

June 12, 2001

---

**Per Curiam**.  After carefully reviewing the record and briefs on appeal, we affirm the decision below.

We are satisfied that the evidence showing the prior disposition of the two criminal charges against Marcella was immaterial and was properly excluded by the district court.  The disposition sought to be placed in evidence was the dismissal of the criminal assault charge coupled with the one-year filing under R.I.G.L. § 12-10-12 of the charge for resisting arrest.  This disposition must be viewed in light of Marcella's past illness and the likely interest of those concerned to effectuate a non-criminal disposition consistent with his future improvement.  It is impossible rationally to infer from this pragmatic plea arrangement that the prosecution was or was not conceding anything as to the underlying truth of the assault charge.  Dismissal of that charge cannot be viewed in isolation from the continued retention for possible prosecution within one year of the resisting arrest charge.  We note that defendant Murphy testified in the instant case that he arrested Marcella because of Marcella's alleged assault upon him.  Had the resisting arrest charge been prosecuted during the one-year following the disposition, the government would presumably have expected to seek to prove the assault as

constituting a lawful basis for the arrest. Hence, we cannot say that admission of evidence of this prior disposition of the criminal charges would "make ... the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. We hold that the district court acted properly within its broad discretion to exclude the evidence in question. Faigin v. Kelly, 184 F.3d 67, 79-80 (1st Cir. 1999).

Affirmed. Loc. R. 27(c).